J. Ryan Mitchell (9362)
Andrew Collins (11544)
MITCHELL & BARLOW, P.C.
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone:  (801) 998-8888
Facsimile:  (801) 998-8077
Email: rmitchell@mitchellbarlow.com
       acollins@mitchellbarlow.com

*Attorneys for Plaintiff Food Insurance.com, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| FOOD INSURANCE.COM, LLC, a Utah limited liability company; | **COMPLAINT** |
| Plaintiff, | **(JURY DEMANDED)** |
| v. | |
| WISE COMPANY, INC., a Utah corporation; B&T MARKETING, LLC, a Utah limited liability company; WISE EMERGENCY FOOD, LLC, a Utah limited liability company; PREPARE WISE, LLC, a Utah limited liability company; FREE LEGACY FOOD, LLC, a Utah limited liability company; BLAZING INNOVATIONS, LLC, a Utah limited liability company; LEGACY FOOD STORAGE, LLC; LEGACY PREMIUM, LLC; PRODUCT BAHN, LLC, a Utah limited liability company; and DOES 1–20, | Case No.  1:12-cv-00096-CW<br><br>Judge:  Clark Waddoups |
| Defendants. | |

COMES NOW Plaintiff, Food Insurance.com, LLC, by and through undersigned counsel, and hereby complains against Defendants Wise Company, Inc., B&T Marketing, LLC, Wise Emergency Food, LLC, Prepare Wise, LLC, Free Legacy Food, LLC, Blazing Innoviations, LLC, Legacy Food Storage, LLC, Legacy Premium, LLC, Product Bahn, LLC, and DOES 1–20 as follows:

## PARTIES

1. Plaintiff Food Insurance.com LLC ("Food Insurance") is a Utah limited liability company with its principal place of business in Davis County, State of Utah.

2. Defendant Wise Company, Inc. ("Wise Company") is a Utah corporation with its principal place of business in Salt Lake County, State of Utah.

3. Defendant B&T Marketing, LLC ("B&T") is a Utah limited liability company with its principal place of business in Davis County, State of Utah.

4. Defendant Wise Emergency Food, LLC ("Wise Emergency") is a Utah limited liability company with its principal place of business in Salt Lake County, State of Utah.

5. Prepare Wise, LLC ("Prepare Wise") is a Utah limited liability company with its principal place of business in Salt Lake County, State of Utah.

6. Free Legacy Food, LLC ("Free Legacy") is a Utah limited liability company with its principal place of business in Salt Lake County, State of Utah.

7. Blazing Innovations, LLC ("Blazing") is a Utah limited liability company with its principal place of business in Davis Count, State of Utah.

8. Legacy Food Storage, LLC ("Legacy Storage") and Legacy Premium, LLC ("Legacy Premium") are limited liability companies whose registration and principal place(s) of

2

business are not known at this time. Upon information and belief, the Legacy Storage and Legacy Premium are owned and/or controlled by Product Bahn, LLC ("Product Bahn"), a Utah limited liability company. Plaintiff refers to these entities collectively as "Legacy" or the "Legacy Entities."

9. Doe Defendants 1–20 are individuals or entities that may bear responsibility for the actions described herein and the damages incurred by Plaintiff, but whose identities are presently unknown to Plaintiff. Plaintiff will amend this Complaint to individually and specifically name the Doe Defendants upon discovering their identities and respective roles in the actions described herein.  Wise Company, Wise Emergency, B&T, Prepare Wise, Free Legacy, the Legacy Entities, and the Doe Defendants are sometimes collectively referred to herein as "Defendants" and each as a "Defendant."

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Food Insurance's claims that arise under the laws of the United States pursuant to Title 28 U.S.C. § 1331.

11. The Court has Supplemental Jurisdiction over Food Insurance's claims that arise under state law pursuant to Title 28 U.S.C. § 1367.

12. Venue in this District is proper pursuant to Title 28 U.S.C. § 1391(b) because defendants reside in this Judicial District and a substantial part of the events or omissions giving rise to the claims occurred within this Judicial District.

## GENERAL ALLEGATIONS

13. Food Insurance is a company engaged in the invention, sale, and marketing of ready-made dehydrated food storage and freeze-dried food storage. As a result of its endeavors, Food Insurance has created and owns valuable intellectual property.

14. Food Insurance invests substantial amounts of money and effort into marketing, including television marketing, radio advertising, Internet advertising, and search engine optimization as it expands its products, brand name, and market share. Among its efforts, Food Insurance has secured a number of celebrity spokespersons. These spokespersons include Glenn Beck, a well-known host of a national talk radio show, and Sean Hannity, another well-known host of a national talk radio show. Food Insurance has expended millions of dollars to secure these spokespersons to endorse and promote Food Insurance's products during their various programs. Food Insurance has exclusive contracts with these celebrity endorsers, which prohibit them from endorsing or promoting any other food storage products.

15. To identify the company to its customers, Food Insurance began to use the trademark "foodinsurance" on or about September 8, 2009, filing for registration of the mark on that same date and obtaining final approval and registration for the mark from the U.S. Patent and Trademark Office ("PTO") on August 31, 2010.

16. Food Insurance also began to use the trademark "food insurance" to identify itself to customers on or about September 8, 2009, and has undertaken substantial efforts to acquire the rights to this mark, including continuous use of the mark in commerce.

17. Customers and potential customers associate the aforementioned trademarks with Food Insurance and its products, and Food Insurance has developed significant and valuable goodwill through its business efforts in the eyes of the consuming public.

18. Fully aware that Food Insurance owns the rights to the "foodinsurance" and "food insurance" trademarks, Defendants have intentionally misappropriated Food Insurance's trademarks for their own benefit and continue to unfairly benefit from their use of Food Insurance's trademarks. Likewise, with similar knowledge and awareness, Defendants falsely claimed endorsements by the exclusive spokespersons of Food Insurance. Such conduct has caused and continues to cause significant damages to Plaintiff.

19. In one example of such activity, Wise Company purchases Google advertisements using Food Insurance's marks "food insurance" and "foodinsurance," causing paid advertisements for its website www.wisefoodstorage.com to appear at the top of the page when one searches for the term "foodinsurance" using Google.

20. Additionally, Wise Company has purchased advertisements on Google expressly claiming "Gourmet Emergency Food As Endorsed by Glenn Beck" with a direct link to Wise Company's website, www.wisefoodstorage.com.

21. Wise Company has also purchased similar advertisements on Google claiming "Gourmet Emergency Food As Endorsed by Sean Hannity" with a direct link to Wise Company's website, www.wisefoodstorage.com.

22. Neither Glenn Beck nor Sean Hannity endorse Wise Company or its food storage products. Rather, Glenn Beack and Sean Hannity have, and at the time of the Wise Company advertisements had, exclusive contracts with Food Insurance.

23. Wise Company also sells its products through a number of affiliates and their websites. Several of these affiliated websites have also misappropriated and taken advantage of Food Insurance's trademarks, trade dress, and goodwill.

24. Upon information and belief, Wise Company knows that its affiliates are misappropriating Food Insurance's trademarks, trade dress, and goodwill, yet Wise Company encourages such activity and directly benefits therefrom despite having the ability to regulate or penalize its affiliates' actions in this respect.

25. For example, www.survivalistfood.com is registered to B&T Marketing, LLC, a Utah limited liability company. On this website, B&T has used the mark "food insurance" to describe the Wise Company products that it resells. The only products sold on www.survivalistfood.com are Wise Company products.

26. B&T continues to use Food Insurance's mark in the metadata on its website in order to boost its internet search results.

27. Fully aware that www.survivalistfood.com infringes upon Food Insurance's trademarks, Wise Company remains the website's only supplier and obtains direct financial benefits from such infringement while Plaintiff continues to suffer significant damage.

28. Defendant Wise Emergency was formally known as Wise Food Insurance, LLC ("Wise Insurance"), prior to March 29, 2011. While Wise Insurance is no longer listed as an entity in the State of Utah, Wise Insurance continues to be the registrant for a website at the domain name www.wisefoodinsurance.com.  On its face, www.wisefoodinsurance.com expressly uses and infringes upon Food Insurance's trademarks.

29.     The website www.wisefoodinsurance.com automatically redirects all Internet traffic to the alternative website www.buyemergencyfoods.com, which is also registered to the defunct entity Wise Insurance. However, Buy Emergency Foods is a registered DBA in the State of Utah for Wise Emergency.

30.     Upon information and belief, despite Wise Insurance continuing to be listed as the registered owner of the domains www.wisefoodinsurance.com and www.buyemergencyfoods.com, and despite the website continuing to contain a copyright notice that such belongs to the entity or DBA Buy Emergency Foods, Wise Emergency has ceded control of these two domains and the Wise Insurance entity to Legacy.

31.     The website www.buyemergencyfoods.com is a website exclusively selling Legacy's food storage products. Legacy's main website, www.legacyfoodstorage.com, advertises www.buyemergencyfoods.com as one of three websites that sell Legacy's products and contains a direct link to www.buyemergencyfoods.com from www.legacyfoodstorage.com/where-to-buy/.

32.     Accordingly, Legacy and Wise Emergency intentionally and purposefully infringe upon Food Insurance's intellectual property and create a misleading designation deceiving and causing confusion to consumers by using Food Insurance's trademark in www.wisefoodinsurance.com as a link that automatically redirects Internet traffic to www.buyemergencyfoods.com, which increases the amount of customers to Legacy's websites in order to sell its goods.

33.     Legacy and Wise Emergency attempt to use Food Insurance's trademarks, brand name, and goodwill as its own.  Such conduct knowingly, willfully, and/or recklessly causes

confusion, mistake, or deception concerning the products because consumers and casual observers are likely to believe that products on www.buyemergencyfoods.com are affiliated with, sponsored by, or in some way related to Food Insurance, when indeed they are not.

34. In addition, Legacy and its related entities, Prepare Wise, Free Legacy, and Blazing, also create consumer confusion by using Food Insurance's marks in connection with the websites they use to sell Legacy's food storage products, www.freelegacyfood.com, www.buyemergencyfoods.com, and www.preparewise.com.

35. As sellers of Legacy's food storage products, Legacy exercises control and/or influence over Prepare Wise, Free Legacy, Blazing Innovations, and other related entities.

36. Prepare Wise, Free Legacy, and Blazing Innovations, and Legacy use the mark "food insurance" as a meta tag in the encoding of their www.freelegacyfood.com, www.buyemergencyfoods.com, and www.preparewise.com websites, thus causing its websites to appear among the top results in a Google search for the term "food insurance."

37. Similarly, Prepare Wise, Free Legacy, and Blazing Innovations, and/or Legacy purchase Google ads using the marks "food insurance" and "foodinsurance" that causes paid advertisements for its website www.buyemergencyfoods.com to appear at the top of the page when one searches for "food insurance" using Google.

38. Legacy continues to supply its products to Free Legacy, Wise Emergency, and the other Legacy-related entities even though it knows or has reasons to know that its affiliates are improperly infringing on Food Insurance's marks.

39. Defendants' conduct constitutes a willful and malicious violation of Food Insurance's intellectual property, aimed at hindering Food Insurance by deceiving and causing

confusion to consumers while economically benefiting from Food Insurance's intellectual property, brand, and goodwill.

40. Defendants have knowingly, willfully, and intentionally acted in such a way that likely causes confusion, mistake or deception as to the source, sponsorship, or approval of its products, in that consumers and others are likely to believe that its products are in some way affiliated with Food Insurance, or are even the actual goods of a Food Insurance distributor or affiliate.

41. Defendants' conduct also constitutes unfair competition by falsely claiming their products are endorsed by spokespersons of Food Insurance and wrongfully using trade dress belonging to Food Insurance.

42. Plaintiff has sustained significant damages, in an amount to be proven at trial, as a result of Defendants' wrongful conduct.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Under the Lanham Act - against all Defendants)**

43. Plaintiff incorporates by reference the allegations contained in paragraphs 1–44 of this Complaint as if fully set forth herein.

44. Defendants' use of the "foodinsurance" trademark directly infringes upon Food Insurance's registered trademark and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Food Insurance's goods.

45. Upon information and belief, Defendants' use of Food Insurance's trademark was and is committed with the purpose of exploiting and trading on the substantial goodwill and reputation of Food Insurance.

46. Defendants' conduct has caused irreparable harm and other damages to Food Insurance.

47. Pursuant to Section 35 of the Lanham act, 15 U.S.C. § 1117, Food Insurance is entitled to a judgment for damages not to exceed three times the amount of its actual damages, together with interest thereon, in an amount to be determined at trial.

48. Defendants are liable to Food Insurance for trademark infringement under 15 U.S.C. § 1114 by reason of the foregoing.

### SECOND CLAIM FOR RELIEF
### (Unfair Competition Under the Lanham Act - against all Defendants)

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1–50 of this Complaint as if fully set forth herein.

50. Defendants' actions, or persons' actions in connection with the goods and services of Defendants, create a false or misleading designation of origin, misleading descriptions of fact, and misleading representations of fact, which is likely to cause confusion, mistake, and deception by leading consumers to believe that Defendants are affiliated with, sponsored by, or approved by Food Insurance.

51. Defendants were, and are, aware of Food Insurance's trademarks, logos, trade dress, and spokespersons when Defendants committed their acts of infringement in willful and flagrant disregard of Food Insurance's lawful rights.

52. Plaintiff has suffered significant damages as a result of Defendants' conduct.

53. Pursuant to Section 35 of the Lanham act, 15 U.S.C. § 1117, Food Insurance is entitled to a judgment for damages not to exceed three times the amount of its actual damages, together with interest thereon, in an amount to be determined at trial.

54. Defendants' conduct constitutes Unfair Competition and Defendants are therefore liable to Food Insurance pursuant to 15 U.S.C. § 1125(a).

### THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution - against all Defendants)**

55. Plaintiff incorporates by reference the allegations contained in paragraphs 1–56 of this Complaint as if fully set forth herein.

56. Food Insurance's trademarks and logos have become distinctive throughout the industry and its consumers through its continuous and exclusive use in connection with Food Insurance's products.

57. Because Food Insurance's products have gained a reputation for superior quality, Food Insurance's trademarks and trade dress (which are always used in connection with Food Insurance's products) have gained substantial renown.

58. After Food Insurance became well known, Defendants have since used Food Insurance's trademarks with the advertisement, promotion, and sale of Defendants' products, as alleged herein.

59. Accordingly, Defendants' wrongful conduct dilutes, blurs, tarnishes, and diminishes the distinctiveness of the Food Insurance trademarks and trade dress.

60. As a direct and proximate result of Defendants' conduct, the valuable Food Insurance brand will continue to be irreparably harmed, tarnished, and diluted.  Food Insurance has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue.

61. Defendants have used and continue to use Food Insurance's trademarks and trade dress willfully and with the intent to dilute them, and with the intent to trade on the reputation

and goodwill of Food Insurance.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

62. As a direct and proximate result of Defendants' conduct, the value of Plaintiff's intellectual property has been damaged, and Plaintiff has also suffered other damages in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF
### (Violation of the Utah Unfair Competition Act - against all Defendants)

63. Plaintiff incorporates by reference the allegations contained in paragraphs 1–64 of this Complaint as if fully set forth herein.

64. Defendants' intentional conduct as set forth herein is unlawful, unfair, or fraudulent, which have led to a material diminution in the value of Food Insurance's intellectual property.

65. Defendants' willful, intentional, or reckless conduct constitutes infringement of Food Insurance's intellectual property.

66. Plaintiff has suffered damages as a result of Defendants' conduct, in an amount to be determined at trial.

67. Plaintiff is entitled to actual damages, costs, reasonable attorney fees, and punitive damages pursuant to Utah Code Ann. § 13-5a-103.

## FIFTH CLAIM FOR RELIEF
### (Utah Common Law Unfair Competition - against all Defendants)

68. Plaintiff incorporates by reference the allegations contained in paragraphs 1–69 of this Complaint as if fully set forth herein.

69. Defendants' conduct as set forth herein constitutes common law unfair competition.

70. Defendants' unauthorized use of Food Insurance's trademarks creates a misleading designation of origin which is likely to deceive, cause mistake, or cause confusion by leading consumers to believe that Defendants are affiliated with, sponsored by, or approved by Food Insurance.

71. Defendants' acts are intentional business practices that are unlawful, unfair, or fraudulent, and have led and to a material diminution in value of Food Insurance's intellectual property.

72. Food Insurance has suffered damages as a result of Defendant's acts, in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF
**(Contributory Trademark Infringement - against Wise Company and Legacy)**

73. Plaintiff incorporates by reference the allegations contained in paragraphs 1–72 of this Complaint as if fully set forth herein.

74. Defendants' conduct constitutes contributory trademark infringement.

75. Wise Company and the Legacy Entities continue to supply their products to sellers who they know or have reason to know are engaging in trademark infringement based on their close affiliations.

76. Defendants are the only suppliers and control the products sold through such affiliates, and they have obtained a direct financial benefit from their affiliates' infringing conduct.

77. Food Insurance has suffered damages as a result of Defendants' contributory trademark infringement, in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
**(Violation of the Utah Truth in Advertising Act - all Defendants)**

78. Plaintiff incorporates by reference the allegations contained in paragraphs 1–77 of this Complaint as if fully set forth herein.

79. As demonstrated by the foregoing allegations, Defendants have engaged in deceptive trade practices in the course of their business.

80. Defendants' deceptive trade practices cause likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of their food storage goods with those of Food Insurance.

81. Defendants' deceptive trade practices cause likelihood of confusion or of misunderstanding as to affiliation, connection, association with, or certification by Food Insurance.

82. Defendants' deceptive trade practices represent that their food storage goods have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that they have sponsorship, approval, status, affiliation, or connection by or with Food Insurance and/or its spokespersons that they do not have.

83. Defendants' actions have caused and continue to cause damages to Plaintiff in an amount to be proved at trial, including costs and attorney fees pursuant to Utah Code Ann. § 13-11a-4.

## NINTH CLAIM FOR RELIEF
### (Tortious Interference with Economic Relations - all Defendants)

84. Plaintiff incorporates by reference the allegations contained in paragraphs 1–83 of this Complaint as if fully set forth herein.

85. Defendants intentionally interfered with and/or continue to interfere with Food Insurance's existing and/or potential economic relations for an improper purpose or by improper means as alleged herein.

86. Defendants' acts are willful, malicious, and/or manifest a knowing and reckless indifference toward and disregard of Food Insurance's rights.

87. Food Insurance has suffered damages as a result of Defendants' actions in an amount to be proven at trial, including punitive damages.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. For injunctive relief;

2. For actual damages in an amount to be proven at trial, and/or statutory damages;

3. For punitive and/or exemplary damages;

4. For Plaintiff's costs and attorney's fees incurred in pursing this action as provided by law; and

5. For any other and further relief as the Court deems just, necessary, and proper.

DATED this 9th day of April 2012.

        MITCHELL & BARLOW, P.C.


        /s/ J. Ryan Mitchell
        J. Ryan Mitchell
        Andrew Collins
        Attorneys for Plaintiff